MOORE, J.,
dissents.
_JjIn the USAgencies policy, Part C regulates UM coverage. The Part C insuring agreement promises to pay damages which a “covered person is legally entitled to receive” from a UM driver. It further states, however, that a “covered person shall not include a named excluded operator.” The application and endorsement clearly list Alcender Williams Jr. as a named excluded operator. In short, for purposes of Part C, UM coverage, a named excluded operator is not a covered person; the plaintiff is not covered. The fact that Part B, Medical Payments, extends some benefits to a named excluded operator, does not alter the clearly stated exclusion in Part C.
Although the result reached by the majority is surely commendable and serves the object and public policy of UM coverage, I cannot subscribe to the majority’s conflation of Parts B and C, or with the district court’s unexplained reference to ambiguity. I respectfully dissent.
APPLICATION FOR REHEARING
Before.BROWN, WILLIAMS, CARAWAY, MOORE, and CALLOWAY, JJ.
Rehearing denied.
MOORE, J., would grant rehearing.